MJL:BTR
F.#2005R02151

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

GREGORY PAPAGEORGE,

              Defendant.

- - - - - - - - - - - - - - - - X

CR 06 529

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 10 2006 ★

LONG ISLAND OFFICE

BIANCO, J.

I N F O R M A T I O N

Cr. No. _____
(T. 18, U.S.C., §§
982(a)(1), 982(b)(1),
1956(h) and 3551 et
seq.; T. 21, U.S.C.,
§ 853(p))

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Conspiracy To Launder Money)

1. On or about and between March 1, 2003 and January 6, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GREGORY PAPAGEORGE, together with others, did knowingly and intentionally conspire to engage in monetary transactions affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841(a)(1), and mail fraud, in violation of Title 18, United States Code, Section 1341, all in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in the conspiracy to violate Title 18, United States Code, Section 1956, and all property traceable to such property as a result of the defendant's conviction of Count One, including, but not limited to, the following:

### Money Judgment

A sum of money equal to at least approximately $186,000 in United States currency; and

### Specific Property

All right, title and interest in the real property and premises located at 10 Laurel Lane, Old Westbury, New York.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, or sold to or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value;

or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

 

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: _____

ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136